UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
DEBORAH L. BOARDMAN
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
Fax: (410) 962-2577
MDD_DLBChambers@mdd.uscourts.gov

November 9, 2022

RE:   *SEC v. Miller*
      DLB-19-2810

### MEMORANDUM TO COUNSEL

This memorandum confirms the trial date that has been set in this case, and it provides the schedule and certain instructions governing trial preparation.

| | |
|---|---|
| Tuesday, February 7, 2023: | Deadline for Submitting Motions under Fed. R. Evid. 702 (including *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993)) |
| Friday, March 24, 2023: | Deadline for the Parties to Meet and Confer Telephonically or Virtually Regarding Motions *in Limine* |
| Friday, April 7, 2023: | Deadline for Submitting Motions *in Limine*[1]; Joint Pretrial Order; Joint Proposed Voir Dire Questions; Joint Proposed Jury Instructions; and Joint Proposed Special Verdict Forms |
| Friday, April 21, 2023: | Deadline for Submitting Oppositions to Motions *in Limine* |
| Friday, April 28, 2023: | Deadline for Submitting Replies Regarding Motions *in Limine* |
| **Friday, May 5, 2023**: at 1:00 p.m. | Motions *in Limine* Hearing/Pretrial Conference at the Greenbelt Courthouse |
| **Tuesday, June 6, 2023**: at 9:30 a.m. | Jury Selection and Ten-Day Jury Trial to Begin at the Greenbelt Courthouse |

---

[1] Motions *in Limine* and any oppositions should be submitted in letter format, not to exceed three, single-spaced pages, with one issue per letter. They should include a representation that the parties met and conferred in good faith about the issues but were unable to come to an agreement.

## Proposed Pretrial Order

The pretrial order must comply with all provisions of Local Rule 106.  The purpose of this proposed order is to summarize what is established and what needs to be resolved at trial.  The proposed pretrial order shall include final stipulations, or requests for stipulations, of specific facts, which include the legal theories relied upon in each claim and defense.  *See* Loc. R. 106.2(f).  With regard to evidence, the proposed pretrial order must include a detailed list of "exhibits the parties agree may be offered in evidence without the usual authentication."  Loc. R. 106.2(h).  The list of documents should be detailed and include each document by title.  The list of witnesses must satisfy Local Rule 106.2(i).  For depositions under Fed. R. Civ. P. 32, the parties shall include "[a] list of the pages and/or lines of any portion of a deposition to be offered in a party's case in chief or any counter-designations."  Loc. R. 106.2(k).  If the parties do not plan to use depositions in their cases in chief, they may indicate the same and reserve the right to use depositions for impeachment.  The parties will indicate their agreement, or lack thereof, as to admissibility of each document and any testimony to be presented as evidence.  *See* Loc. R. 106.2(g), (l), (m).

In addition to the information required by Local Rule 106.2(j), the pretrial order shall include for each party a concise summary of the opinion testimony expected from each witness identified by that party pursuant to Fed. R. Civ. P. 26(a)(2)(A) and (B) who may testify at trial.  *See* Loc. R. 106.2(m).  The parties shall identify those witnesses designated pursuant to Rule 26(a)(2)(A) separately from those designated pursuant to Rule 26(a)(2)(B).

## Voir Dire, Jury Instructions, and Verdict Forms

You should submit proposed joint voir dire questions, proposed joint jury instructions on issues specifically relating to this case, and a proposed joint special verdict form.  You may submit separately any voir dire questions, jury instructions, and special verdict forms upon which you cannot agree.  However, it is expected that counsel will be able to reach agreement as to the vast majority of the jury instructions.  All of your proposed voir dire questions, jury instructions, special verdict forms, and proposed pretrial order should be filed electronically via the CM/ECF system, submitted in hard copy to my Chambers, and emailed, as Microsoft Word documents, to: MDD_DLBChambers@mdd.uscourts.gov.

I have enclosed my non-case specific voir dire questions that I expect to ask in this case.  Counsel should review these questions, confer with one another, and provide me with (1) a jointly proposed, brief statement to be read to the venire panel explaining the nature of the case in general terms and (2) any case-specific voir dire questions requested by counsel.

I have enclosed a copy of my general jury instructions that I will use in this case.  Any additional jury instructions that you propose should (a) be typed one per page; (b) be numbered and assembled in the order in which you request that they be read to the jury; and (c) include a citation of the authorities supporting the instruction.  Any request for an instruction ordinarily should be based on Sand, Siffert, *et al.*, Modern Federal Jury Instructions, O'Malley, *et al.*, Federal Jury Practice and Instructions, or if applicable, Maryland Pattern Jury Instructions.  Submissions should be either (1) by photocopy of the pattern instruction with any requested change or modification handwritten by interlineation or (2) in Microsoft Word format with any changes or modifications made using the "Track Changes" function.

### Guaranteeing Witness Availability

Absent emergency circumstances, a party will guarantee the presence at trial of any witness that party lists in the pretrial order, in accordance with Local Rule 106.2(i), as "expecting to present" at trial.

### Exhibits

In addition to the objections noted on the pretrial order, please be prepared to advise me at the pretrial conference of any unresolved objections to the documents and exhibits listed in the pretrial order in accordance with Local Rule 106.2(g). Any objections not disclosed at that time, other than objections under Fed. R. Evid. 401 and 403, shall be deemed waived at trial, unless excused for good cause shown. Fed. R. Civ. P. 26(a)(3).

All exhibits must be tagged and numbered before trial in accordance with Local Rule 106.7(a). You must meet with one another before trial to review and make available for copying one another's exhibits in accordance with Local Rule 106.7(b).

Copies of the parties' proposed exhibits must be in a three-ring binder. The parties should attempt to agree on the admissibility of all exhibits and inform the Court of those exhibits about which agreement cannot be reached. Those exhibits will be discussed at the pretrial conference and the binder should be presented to the Court at that time. The parties should provide, in addition, impeachment exhibits each intends to offer into evidence at trial. Impeachment exhibits need not be disclosed to other parties.

### Use of Courtroom Equipment

Please be prepared to advise me at the conference if you would like to use at trial any courtroom equipment. The court has available for your use DVD players and monitors, x-ray boxes, and one electronic evidence presenter. The electronic evidence presenter may be reserved on a first come, first served basis in cases which are expected to last longer than one week and involve numerous documents.

### Trial Instructions

Please read carefully the attached memorandum entitled "Instructions to Counsel Regarding Trial Procedure and Conduct." You are responsible for knowing the contents of these instructions and all of the provisions of Local Rule 107 concerning trial conduct.

### Settlement

Unless the court is notified of any settlement no later than one full business day prior to the day on which the trial is scheduled to begin, jury costs will be imposed in accordance with Local Rule 107.4. Ordinarily, in civil cases 25–28 potential jurors are called as members of the venire panel and the cost per juror is approximately $70.

4

     Although informal, this is an Order of the Court and shall be docketed as such.

                                                                                         /S/
                                                                       Deborah L. Boardman
                                                                       United States District Judge

Attachments: (3)