IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** | * |
| Plaintiff, | * |
| v. | *   Civ. No. DLB-19-2810 |
| **ROBERT HILLIS MILLER,** | * |
| Defendant. | * |

**AMENDED JUDGMENT**

On September 30, 2024, the Court granted in substantial part the motion of the Security and Exchange Commission ("SEC") for a final judgment and entered a judgment. ECF 187. In an October 29, 2024, letter filed with the Court, Miller asked for clarification about whether the September 30, 2024 judgment was a final judgment. ECF 190. This request was understandable. Even though the Court styled the September 30, 2024 judgment as a "final judgment," the Court denied the SEC's request for disgorgement and prejudgment interest without prejudice and granted the SEC until November 14, 2024 to renew its request for disgorgement and prejudgment interest. The case remains open until those issues are resolved. Thus, the September 30, 2024 judgment should not have been styled a "final judgment" because it did not resolve all remaining issues in the case.

In this amended judgment, the Court vacates its September 30, 2024 judgment and clarifies that there is not yet a final judgment in this case. For the same reasons stated in the Court's memorandum opinion, ECF 189, this amended judgment grants in part and denies in part the SEC's motion for a final judgment. This amended judgment is not an appealable final judgment. After the issues of disgorgement and prejudgment interest are resolved, the Court will issue a final

judgment that incorporates this amended judgment. That final judgment will be an appealable final decision.

As set forth in the Court's memorandum opinion, the Court ORDERS that:

**I.**

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Miller is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person

by, directly or indirectly, (1) creating a false appearance or otherwise deceiving any person, or (2) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about: (1) Miller's beneficial ownership of any security, or (B) Miller's transaction in any security over which he has beneficial ownership.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this judgment by personal service or otherwise: (a) Miller's agents, servants,

employees, and attorneys; and (b) other persons in active concert or participation with Miller or with anyone described in (a).

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Miller is permanently restrained and enjoined from violating Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser

by, directly or indirectly, (1) creating a false appearance or otherwise deceiving any person, or (2) disseminating false or misleading documents, materials, or information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about: (A) Miller's beneficial ownership of any security, or (B) Miller's transaction in any security over which he has beneficial ownership.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this judgment by personal service or otherwise: (a) Miller's agents, servants,

employees, and attorneys; and (b) other persons in active concert or participation with Miller or with anyone described in (a).

### III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Miller is permanently restrained and enjoined from violating Sections 5(a) and 5(c) of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

(a) unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this judgment by personal service or otherwise: (a) Miller's agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Miller or with anyone described in (a).

**IV.**

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Miller is permanently restrained and enjoined from violating, directly or indirectly, Section 13(d) of the Exchange Act [15 U.S.C. § 78m(d)] and Rules 13d-1 and 13d-2 thereunder [17 C.F.R. §§ 240.13d-1 and 240.13d-2] by acquiring, directly or indirectly, beneficial ownership of more than 5% of any equity security registered with the SEC and failing to file, within ten days after the acquisition, a statement containing the information required by Schedule 13D, or to promptly amend any such statement if there is a material change in ownership.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this judgment by personal service or otherwise: (a) Miller's agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Miller or with anyone described in (a).

**V.**

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Miller is permanently restrained and enjoined from violating, directly or indirectly, Section 16(a) of the Exchange Act [15 U.S.C. § 78p(a)] and Rules 16a-2 and 16a-3 thereunder [17 C.F.R. §§ 240.16a-2 and 240.16a-3] by failing to file the required forms with the SEC regarding any changes in his beneficial ownership of any security registered with the SEC where (1) Miller is the beneficial owner of more than 10% of that class of security or (2) Miller is an officer or director of the issuer of such security.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive

actual notice of this judgment by personal service or otherwise: (a) Miller's agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Miller or with anyone described in (a).

## VI.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Miller is permanently restrained and enjoined from violating, directly or indirectly, Exchange Act Rule 13a-14 [17 C.F.R. § 240.13a-14] by falsely signing personal certifications indicating that he has reviewed periodic reports containing financial statements that an issuer filed with the SEC pursuant to Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and that, among other things, based on his knowledge, these reports do not contain any untrue statement of material fact or omit to state a material fact necessary to make the statements made, in light of the circumstances under which such statements were made, not misleading with respect to the period covered by the report.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this judgment by personal service or otherwise: (a) Miller's agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Miller or with anyone described in (a).

## VII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)] and Section 20(e) of the Securities Act [15 U.S.C. § 77t(e)], Miller is prohibited for a period of ten years from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange

Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

## VIII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Miller is barred for a period of ten years from participating in an offering of penny stock, including engaging in activities with a broker, dealer, or issuer for purposes of issuing, trading, or inducing or attempting to induce the purchase or sale of any penny stock. A penny stock is any equity security that has a price of less than five dollars, except as provided in Rule 3a51-1 under the Exchange Act [17 C.F.R. § 240.3a51-1].

## IX.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Miller is liable for a civil penalty in the amount of $160,000 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. Miller shall satisfy this obligation by paying $160,000 to the Securities and Exchange Commission within 30 days after entry of this judgment.

Miller may transmit payment electronically to the SEC, which will provide detailed ACH transfer/Fedwire instructions upon request. Miller may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to:

    Enterprise Services Center
    Accounts Receivable Brank
    6500 South MacArthur Boulevard
    Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court, Robert Hillis Miller as a defendant in this action, and specifying that payment is made pursuant to this judgment.

Miller shall simultaneously transmit photocopies of evidence of payment and case identifying information to the SEC's counsel in this action. By making this payment, Miller relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Miller.

The SEC may enforce the Court's judgment for penalties by using all collection procedures authorized by law, including, but not limited to, moving for civil contempt at any time after 30 days following entry of this judgment.

The SEC may enforce the Court's judgment for penalties by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 *et seq.*, and moving for civil contempt for the violation of any Court orders issued in this action. Miller shall pay post judgment interest on any amounts due after 30 days of the entry of this judgment pursuant to 28 U.S.C. § 1961. The SEC shall hold the funds, together with any interest and income earned thereon (collectively, the "Fund"), pending further order of the Court.

The SEC may propose a plan to distribute the Fund subject to the Court's approval. Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. The Court shall retain jurisdiction over the administration of any distribution of the Fund and the Fund may only be disbursed pursuant to an Order of the Court.

Regardless of whether any such Fair Fund distribution is made, the amount ordered to be paid as a civil penalty pursuant to this judgment shall be treated as a penalty paid to the government for all purposes, including all tax purposes.

**X.**

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Miller take such steps as are necessary to repatriate and deposit into the registry of the Court in an interest-bearing account, any and all funds or assets that presently may be located outside of the United States up to the total amount of the monetary remedies ordered by this judgment: $160,000.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this judgment by personal service or otherwise: (a) Miller's agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Miller or with anyone described in (a).

**XI.**

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that the SEC's requests for disgorgement and prejudgment interest are denied without prejudice. The SEC may renew its requests for disgorgement and prejudgment interest by November 14, 2024. Miller's response is due December 13, 2024. SEC may file a reply by December 20, 2024.

**XII.**

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction over this matter. After considering and rendering a decision upon the parties' supplemental filings, the Court will incorporate this Order into a Final Judgment that will be an appealable final decision in this case.

## XIII.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that the September 30, 2024 judgment of this Court is VACATED.

Date: October 31, 2024

Deborah L. Boardman
United States District Judge